UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ruth Hlavka,

Plaintiff,

vs.

Best Care, Inc.,

Defendant.

Civil File No. 02-803 (MJD/JGL)

**STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS, Defendant Best Care, Inc., ("Best Care") is engaged in the business of providing Personal Care Attendant Services and Health Care Attendant Services; and

WHEREAS, Defendant Best Care and Ruth Hlavka ("Hlavka"), consider certain company documents and other information pertinent to this litigation such as medical records, personnel files, job descriptions, salary data, individual personnel data, strategic information, and the like, to be private and confidential to Defendant Best Care and its employees and some company documents to be confidential under pertinent state and federal laws; and

WHEREAS, some discovery may necessarily entail accessing, reviewing and using some or all records pertaining to care and assistance provided to Best Care clients and others:

IT IS HEREBY ORDERED, UPON CONSENT OF THE PARTIES, AS FOLLOWS:

1. That any and all information discovered in the above-captioned case, including documents produced, documents and testimony obtained from third parties, deposition testimony given, and answers to interrogatories or admissions made, may be designated as confidential and subject as such to the following restrictions:

   a. They shall be used only for the purposes of this litigation including depositions, preparation for trial and appeal.

FILED 11-26-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys or any of their employees or partners to any person, governmental agency or entity except to persons assisting the attorneys in connection with this action, including the parties herein, paralegals, secretaries and witnesses. Persons other than employees and partners of William J. Egan, Esq. or Nichols, Kaster & Anderson to whom information contained in confidential documents is given or shown, made available or communicated shall agree in writing to be bound by the terms of this Order. The attorneys for the respective parties shall maintain a file of such written agreements. As to the persons over whom counsel for the party in question cannot obtain agreement to the terms of this Order, such counsel shall make no disclosure.

c. Subject to the further order of this Court, the above-described documents and information, if filed with the Court, shall be placed under seal and shall not be available to persons other than the persons enumerated in subparagraph (b) above. In the event that the above-described documents are used in any Court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their confidential status.

d. Documents shall be designated as confidential by stamping.

2. If any party does not agree to the designation of material as confidential, it may notify the other party and request a Court determination. In any Court proceeding the party claiming confidentiality has the burden of proof of the alleged confidentiality. Until such time as the Court makes a determination on the issue of confidentiality, the parties shall treat the materials as confidential in accordance with this Order.

3. That this Order shall not limit the use of information gained by either party apart from and independent of discovery, nor shall it limit the use of matters of public record except if a party is ordered to either obtain documents from a government agency or to withdraw its objections to having the governmental agency produce the documents, those documents will be treated in accordance with relevant sections of this Order.

4. Within sixty (60) days after the termination of this litigation, all originals and reproductions of documents subject to this Order, with the exception of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, shall be returned to the party producing them or the party to whom they belong. Those documents containing writings or other markings constituting attorney-client privileged communications or attorney work product shall be destroyed within sixty (60) days after the termination of this litigation.

5. That this Order is without prejudice to the right of any party to seek from the Court modification of this Order.

6. That this Order shall not prevent in any further proceeding herein the offering or receiving into evidence of any deposition testimony, interrogatory and admission answers, or documents produced in the discovery proceedings herein.

Dated: 11/22/02

By: ______________________
John A. Fabian, III, Esq.
Nichols, Kaster & Anderson
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

**ATTORNEYS FOR PLAINTIFF**
**RUTH HLAVKA**

Dated: Nov 21, 2002

By: ______________________
William J. Egan (No.166029)
150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
(952) 836-2770

**ATTORNEY FOR DEFENDANT BEST CARE, INC.**

IT IS SO ORDERED

Dated: Nov. 26, 2002

______________________
The Hon. Jonathan G. Lebedoff
Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.